IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DON MAURICE BRATCHER, :
      Plaintiff, :
       :
v. : Civ. No. 19-466-RGA
       :
JOHN MANCUSO, et al., :
      Defendants. :

Don Maurice Bratcher, New Castle County, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 15, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Don Maurice Bratcher proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He commenced this action on March 6, 2019. (D.I. 2). On April 4, 2019, Defendants Christina M. Kontis and Jenna Milecki filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that on February 1, 2018, he was stabbed in the throat and locked out of his apartment by Tangela Raymond. (D.I. 2 at 4). The police were called, and Plaintiff was taken to the Christiana Hospital where he underwent surgery. (*Id.*). At some point, Plaintiff was transferred from the intensive care unit and "apparently [he] wanted to leave the hospital against medical advice." (*Id.* at 3).

Plaintiff was taken to the police station and questioned by Defendant New Castle County Police Department Detective John Mancuso. (*Id.* at 5). He was arrested on February 10, 2018, charged with fifteen felonies, given a cash bail, and taken to the Howard R. Young Correctional Institution in Wilmington, Delaware. (D.I. 2 at 5, D.I. 7 at 7). At the March 6, 2018 preliminary hearing, Plaintiff's attorney questioned Raymond's credibility. (D.I. 2 at 5, D.I. 7 at 7). Plaintiff was bound over for the Superior Court, "mostly from Mancuso's testimony." (D.I. 2 at 5). Defendant Delaware Deputy Attorney General Christina M. Kontis represented the State at the hearing. (*Id.*).

Plaintiff was indicted on April 9, 2018 and charged with fifteen counts including rape first degree while displaying a deadly weapon or dangerous instrument, rape fourth

1

degree, unlawful sexual contact third degree, assault second degree, and possession of a deadly weapon during the commission of a felony. (D.I. 2 at 5, D.I. 7 at 7). Two days later, on April 11, 2018, a DNA laboratory report was completed which indicated that the alleged victim's DNA was found on Plaintiff's penis, but there was no presence of sperm or semen. (D.I. 2 at 5; D.I. 10 at 6-8). Plaintiff was arraigned on April 24, 2018, and committed to the Delaware Department of Correction. (D.I. 7 at 7-8).

Around July or August there was a prosecutor change, apparently to Defendant Deputy Attorney General Jenna Milecki. (D.I. 2 at 5). Plaintiff's attorney filed a motion to suppress and a motion in limine. (D.I. 7 at 10-11). On October 12, 2018, the Court held a suppression hearing. (*Id.* at 11). On the same date, a plea offer was extended to Plaintiff. (*Id.*). Plaintiff alleges that it was clear to his attorney that a crime never occurred, that the presiding judge made Plaintiff aware that he faced a long sentence if he was found guilty at trial, and that the Court attempted to scare Plaintiff into pleading to a crime that never occurred. (D.I. 2 at 6). Plaintiff rejected the offer. (D.I. 2 at 6; D.I. 7 at 11).

On October 15, 2018, the Court denied the motion to suppress and granted in part the motion in limine and reserved ruling in part until trial. (D.I. 7 at 11-12). The Court determined that evidence of the alleged victim's character for violence, honesty, and drug addiction could be admitted through appropriate witnesses or evidence. (*Id.* at 11). The parties continued with trial preparation and the Court granted the State's motion to continue the trial to November 7, 2018. (*Id.* at 12-13). On October 26, 2018,

the Attorney General filed a nolle prosequi on all charges and the case was closed. (*Id.* at 13).

Plaintiff alleges that Mancuso, "an inexperienced major crimes detective, failed to investigate [the alleged victim, and], "knowing that [Plaintiff] left the hospital against medical advice, Mancuso used the senseless statements that [Plaintiff] made at the police [station] again [him]." (D.I. 2 at 6). Plaintiff alleges that Kontis authorized the charges when the DNA report proved that the crime never occurred. (*Id.*) Plaintiff alleges that Milecki kept him incarcerated "to precipitate a plea agreement." (*Id.*).

Plaintiff alleges his injuries include loss of liberty due to his incarceration, defamation, and severe emotional distress. (*Id.* at 7). He alleges that he was terminated from his job, evicted from his apartment, and his vehicle was repossessed. (*Id.*) He seeks compensatory damages and expungement of fifteen felony charges and two misdemeanor charges. (*Id.*).

Kontis and Milecki move to dismiss on the grounds that the claims against them are barred by prosecutorial immunity. (D.I. 6, 7). Plaintiff responds that Defendants conspired to keep Plaintiff in jail, knowing there was a premature indictment, and did so to obtain a favorable result for the state without regard to guilt or innocence.[1]

---

[1] The Complaint does not allege conspiracy. Plaintiff may not amend his Complaint through his opposition brief, and these new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Prosecutorial Immunity.** Plaintiff alleges that Kontis authorized the criminal charges against him and Milecki "kept him incarcerated to precipitate a plea agreement." Plaintiff also seems to allege that Kontis should have waited until after the issuance of the DNA report before seeking an indictment since, in his view, the DNA report exonerates him. Kontis and Milecki move for dismissal by reason of prosecutorial immunity. Plaintiff opposes and contends that he was kept in jail when the State knew there was a premature indictment, and this was done to obtain a favorable result for the State without regard to guilt or innocence.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The acts of which Plaintiff complains (*e.g.*, the decision to criminally charge Plaintiff, the decision to extend a plea offer, the decision to prosecute the case when Plaintiff rejected the plea offer) fit squarely within the realm of official prosecutorial duties. *See id.* at 430 (activities intimately associated with the judicial phase of the criminal process, casting the prosecutor as an advocate rather than an administrative or investigative officer, trigger absolute immunity).

Kontis and Milecki enjoy immunity from § 1983 liability for those acts. Therefore, the Court will grant their motion to dismiss. (D.I. 6).

**Failure to Investigate**. Plaintiff alleges that Mancuso failed to investigate Plaintiff's alleged victim and that Mancuso used Plaintiff's "senseless statements" against him. A failure to investigate claim may be a due process violation. *See Johnson v. Dollinger*, 2019 WL 1596340, at *4 (E.D. Pa. Apr. 12, 2019) (citing cases).

To establish a due process violation, Plaintiff must show that Mancuso's alleged failure to investigate was intentional or reckless, thereby shocking the conscience. *See Wilson v. Lawrence Cty., Mo.*, 260 F.3d 946, 955-56 (8th Cir. 2001). Negligent failure to investigate does not violate due process. *Id.* at 955 (citing *Daniels v. Williams*, 474 U.S. 327, 334 (1986)).

As alleged, Mancuso interviewed Plaintiff regarding the events of February 1, 2019 and, following the interview, Plaintiff was charged with multiple felonies and arrested. Also, as alleged, Mancuso testified at Plaintiff's preliminary hearing and Plaintiff was bound over primarily because of Mancuso's testimony. Plaintiff also alleges that his attorney questioned the alleged victim's credibility during the preliminary hearing.

Based upon his allegations, Plaintiff seems to allege that he would not have been criminally charged had Mancuso investigated the credibility of the alleged victim. However, as alleged, the Complaint indicates that Mancuso relied upon Plaintiff's own statements in charging Plaintiff with the commission of crimes. While Plaintiff's allegations may show negligence by Mancuso, but they do not rise to the level of

7

recklessness that shocks the conscience. Thus, Plaintiff has not established a violation of a constitutional right for failure to investigate.[2]

To the extent Plaintiff seeks to raise a claim against Mancuso based upon the testimony he provided, the claim fails. Witnesses are immune from § 1983 liability where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. See Rehberg v. Paulk, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); (Benckini v. Upper Saucon Twp., 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings).

Therefore, the Court will dismiss the foregoing claims against Mancuso as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Malicious Prosecution**. Plaintiff alleges unlawful incarceration following his arrest, indictment, and detention prior to the time the criminal charges were nolle

---

[2] The Court notes that the arrest warrant is filed as an exhibit to the motion to dismiss. (D.I. 7 at 15-22). The warrant with its attachments (including the affidavit) is a public record which the Court may consider given that Plaintiff alleges he should not have been criminally charged. See O'Neal v. Rogers, 2015 WL 5063955, at *2 & n.4 (E.D. Pa. Aug. 27, 2015) (citing Lawson v. City of Coatesville, 2013 WL 4596129, at *4 (E.D. Pa. Aug. 29, 2013)); Gallis v. Borough of Dickson City, 2006 WL 2850633, at *7 (M.D. Pa. Oct. 3, 2006) (citing Scheetz v. Morning Call, Inc., 946 F.2d 202, 207 (3d Cir. 1991)). The affidavit indicates that Mancuso interviewed both Plaintiff and the alleged victim.

8

prossed. "Arrests made under a 'validly issued—if not validly supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." *Noviho v. Lancaster Cty. of Pa.*, 683 F. App'x 160, 166 (3d Cir. 2017) (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)); *see Morales v. Busbee*, 972 F. Supp. 254, 266 (D.N.J. 1997) ("The 'legal process' that separates a false arrest/imprisonment claim from a malicious prosecution claim may be in the form of an arrest warrant, an arraignment, or an indictment."); *see also Wallace v. Kato*, 549 U.S. 384, 390 (2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process").

Plaintiff was arrested based on an arrest warrant supported by Mancuso's affidavit of probable cause and detained upon indictment. Because Plaintiff alleges unlawful detention due to faulty process, rather than detention prior to legal process, his claim arises as a Fourth Amendment malicious prosecution claim rather than a false arrest or false imprisonment claim.

To plead a claim for malicious prosecution, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014).

9

Here, the claim fails as a matter of law. Plaintiff seems to allege that the State should have waited until after it received the DNA report to seek an indictment. The Complaint does not allege that no probable cause existed for Plaintiff's arrest. Nor does Plaintiff allege that his indictment was procured by fraud, perjury, or other corrupt means. Hence, Plaintiff has failed to plead the requisite third element of a malicious prosecution claim – *i.e.*, that his criminal proceeding was initiated without probable cause. Therefore, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Supplemental Jurisdiction**. Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).

## CONCLUSION

For the above reasons, the Court will: (1) grant the motion dismiss (D.I. 6); (2) dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and (3) decline to exercise jurisdiction over Plaintiff's supplemental state law claims. The Court finds amendment futile as the Complaint states probable cause for an arrest.[3]

An appropriate order will be entered.

---

[3] The caption of the Complaint names a John Doe Defendant. However, there are no allegations directed toward Defendant Doe. Therefore, the Court will dismiss the Doe Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).